UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BLANCHE T. SMITH, | : | Case No. 1:15cv760 |
| Plaintiff, | : | Judge Michael R. Barrett |
| v. | : | |
| CASH AMERICA INTERNATIONAL, INC., | : | |
| Defendant. | : | |
| | : | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Cash America International, Inc.'s Motion for Partial Judgment on the Pleadings (Doc. 10). Plaintiff has filed a Memorandum in Opposition (Doc. 13) and Defendant has filed a Reply (Doc. 14).

**I. FACTS**

The facts, as alleged in Plaintiff's Complaint (Doc. 3) and construed in favor of Plaintiff are as follows.

On August 11, 2015, Plaintiff visited a Cash America location in Bond Hill, Hamilton County Ohio. (*Id.* at ¶ 19). She was interested in obtaining a "pawn loan" on a sterling silver metal cross with diamonds (hereinafter referred to as the "pendant"). (*Id.* at ¶ 19-20). Plaintiff had previously pawned items at Defendant's store. (*Id.* at ¶ 21). Defendant requested and Plaintiff acquiesced to allow Defendant to inspect the pendant. (*Id.* at ¶ 24). Defendant removed the pendant from Plaintiff's line of sight and inspected it. (*Id.* at ¶ 25). Defendant then returned the pendant to Plaintiff, advising her that it would not make a "pawn loan" on her piece of jewelry. (*Id.* at ¶ 26). Plaintiff did not sign any paperwork or otherwise provide any information

1

to Defendant. (*Id.* at ¶ 23). After leaving the store, Plaintiff discovered that the pendant had been cut and some form of acid poured over the pendant. (*Id.* at ¶ 27). Plaintiff has had no further contact with Defendant. (*Id.* at ¶ 29). She believes it would cost approximately $40-$45 to fix the pendant. (*Id.* at ¶ 28).

Plaintiff brings this action as a class action. (*Id.* at ¶ 31). She brings the following claims: 1) Trespass to Chattels; 2) Fraudulent Concealment/Nondisclosure; 3) Breach of Bailment; 4) Violation of Ohio Deceptive Trade Practices Act[1]; 5) Violation of the Ohio Consumer Sales Practices Act ("OCSPA"); and 6) Declaratory Judgment/Injunctive Relief. (Doc. 3).

At issue here[2] is Plaintiff's Fifth Claim – Violation of the OCSPA, which she brings on behalf of herself and the Ohio subclass – consumers who had jewelry appraised and inspected by Defendant in Ohio. (Doc. 3, ¶ 31). Specifically, Plaintiff alleges the following:

\* \* \*

> 61. Defendant have [sic] committed and continue to commit unfair and deceptive practices in connection with consumer transaction, namely damaging consumers' personal property.
>
> 62. Defendant has committed and continues to commit these unfair and deceptive acts.
>
> 63. Defendant's unfair and deceptive practices deceived Plaintiff and the Subclass.
>
> 64. Plaintiff and the Subclass have been damaged as a direct and proximate result of Defendant's deceptive and unfair practice.
>
> 65. Defendant has violated the Ohio Consumer Sales Practices Act, R.C. § 1345.01 *et seq*.

---

[1] Plaintiff voluntarily withdrew her claim for Violation of Ohio Deceptive Trade Practices Act. (*See* Doc. 13, PageID 142).

[2] Defendant also argues in its Motion that it is entitled to judgment on Count 4 – Violation of Ohio Deceptive Trade Practices Act. Because Plaintiff voluntarily withdrew this claim, the Court does not address it here. Count 4 is dismissed.

(Doc. 3, ¶ 61-65).

## II. STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is analyzed using the same standards applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008) (citing *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)). "[T]o survive a motion to dismiss[,] a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In reviewing a motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Sensations, Inc. v. City*

3

*of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III.  ANALYSIS

The OCSPA sets forth standards of conduct for suppliers[3] of consumer goods in connection with consumer transactions. *Garner v. Borcherding Buick, Inc.*, 84 Ohio App.3d 61, 63 (1st Dist. 1992).  Ohio Revised Code ("R.C.") § 1345.02(A) provides: "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction.  Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."  Whether a consumer transaction has occurred is a question of law for the court to determine.  *Riley v. Supervalu Holdings, Inc.*, Hamilton No. C-040668, 2005 WL 3557395, *2 (1st Dist. Dec. 30, 2005) (citing *Rose v. Zaring Homes, Inc.*, 122 Ohio App.3d 739, 749, n. 10 (1st Dist. 1997)).

Defendant argues Plaintiff fails to state a claim because no consumer transaction occurred.  R.C. § 1345.01 defines consumer transaction as follows:

> (A) "Consumer transaction" means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things. "Consumer transaction" does not include transactions between persons, defined in sections 4905.03 and 5725.01 of the Revised Code, and their customers, except for transactions involving a loan made pursuant to sections 1321.35 to 1321.48 of the Revised Code and transactions in connection with residential mortgages between loan officers, mortgage brokers, or nonbank mortgage lenders and their customers; transactions involving a home construction service contract as defined in section 4722.01 of the Revised Code; transactions between certified public accountants or public accountants and their clients; transactions between attorneys, physicians, or dentists and their clients or patients; and transactions between veterinarians and their patients that pertain to medical treatment but not ancillary services.

---

[3] The OCSPA defines "supplier" as:  "a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer. . ." R.C. § 1305.01(C).  For purposes of this Motion only, Defendant does not dispute that Plaintiff is a consumer and Defendant is a supplier.  (Doc. 14, PageID 145, n. 1).

4

"In determining the existence of a consumer transaction, a court should examine the totality of the circumstances as evidenced by the objective manifestations of the parties at the time the parties entered into the agreement." *Barrett-O"Neill v. Lalo, LLC*, No. 2:14-cv-00194, 2016 WL 1110319, *7 (S.D. Ohio, March 22, 2016). The OCSPA is remedial in nature and thus, should be liberally construed in favor of consumers. *Id.* (citing *Charvat v. Farmers Ins. Columbus, Inc.*, 178 Ohio App.3d 118, 897 N.E.2d 167 (10th Dist. 2008)).

Defendant argues that Plaintiff does not (and cannot) allege any sale, lease, award or other transfer took place. Thus, Defendant argues that Plaintiff failed to plead that Defendant entered into a consumer transaction with Plaintiff. Rather, Defendant inspected the pendant and declined to make a pawn loan. On the other hand, Plaintiff argues Defendant's reading of R.C. § 1345 is too narrow. She argues that a transfer of services—Defendant's inspection of the pendant—occurred between Plaintiff and Defendant, qualifying the parties' interaction as a consumer transaction.

Of importance, "it is not necessary that a sale actually take place." *Weaver v. J.C. Penney Co.*, 53 Ohio App.2d 165, 168-169 (8th Dist. 1977). Rather, solicitation of a consumer transaction is sufficient. *See* R.C.§ 1345.01(A); *McDonald v. Bedford Datsun*, 59 Ohio App.3d 38, 41 (8th Dist. 1989). In *McDonald*, the court held that despite no sale being consummated, negotiation of a sales agreement amounted to solicitation, making the OCSPA applicable. *Id.*

In this case, Plaintiff does not specifically allege that Defendant solicited a consumer transaction. Rather, she alleges that she took the pendant to Defendant's store because she was "familiar with Defendant's store and operations, as she had previously pawned TVs and/or DVDs in the past." (Doc. 3, ¶ 21). After arriving at the store, Defendant removed the pendant from Plaintiff's line of sight and inspected it with Plaintiff's permission. (*Id.* at ¶¶ 24-25).

Defendant then returned the pendant to Plaintiff, advising her that it would not make a "pawn loan" on her piece of jewelry. (*Id.* at ¶ 26).

Viewing the allegations of the Complaint in the light most favorable to Plaintiff, accepting its allegations as true, and drawing all reasonable inferences in favor of Plaintiff, the Court finds these allegations sufficient to state a plausible claim against Defendant for a violation of the OCSPA. While not a completed transaction, the inspection of the pendant could be considered part of the negotiation process for a transaction and thus, a solicitation. Accordingly, at this stage in the litigation, Defendant's argument is unpersuasive.

## IV. CONCLUSION

Consistent with the foregoing, Defendant's Motion for Partial Judgment on the Pleadings (Doc. 10) is **GRANTED IN PART AND DENIED IN PART**. Count 4 – Violation of Ohio Deceptive Trade Practices Act is **DISMISSED**. All other claims remain.

**IT IS SO ORDERED**.

                                                s/*Michael R. Barrett*
                                                Michael R. Barrett, Judge
                                                United States District Court